*460
 
 PER CURIAM.
 
 [1]
 

 _JjThis matter arises out of the conviction for direct contempt of court of Meghan Garvey on August 5, 2009, during the perpetuation deposition of a witness in a capital murder trial. Immediately prior to the deposition, the State had filed a Motion in Limine requesting the trial court bar any testimony of the deponent’s criminal history. The trial court partially granted the Motion in Limine, allowing questions concerning the witness’ felony conviction, but barring questions about misdemeanor convictions. The defense objected to the ruling.
 
 [2]
 

 During the deposition, Ms. Garvey asked the question, “[W]ere you ... ever involved in prostitution?” Following the sustaining of the State’s objection, the trial judge ordered the attorneys to step outside, at which time the trial judge found Ms. Garvey in direct contempt of court for asking about misdemeanor convictions. The next day, August 6, 2009, the trial court confirmed the finding of direct contempt and ordered Ms. Garvey to spend twenty-four hours in the Parish Prison and to pay a one hundred dollar fine.
 

 Ms. Garvey asked for a stay of execution, which was denied. She then sought a writ of certiorari to the court of appeal regarding the conviction and for a stay of execution, both of which were denied. This Court granted a stay of execution and now grants the writ of certiorari.
 

 |gThe crime of direct contempt of court is controlled by the Code of Criminal Procedure in the following article:
 

 Art. 21. Direct contempt
 

 A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge; or, a contumacious failure to comply with a subpoena, summons or order to appear in court, proof of service of which appears of record; or, a contumacious failure to comply with an order sequestering a witness.
 

 A direct contempt includes, but is not limited to, any of the following acts:
 

 (1) Contumacious failure, after notice, to appear for arraignment or trial on the day fixed therefor;
 

 (2) Contumacious failure to comply with a subpoena or summons to appear in court, proof of service of which appears of record;
 

 
 *461
 
 (3) Contumacious violation of an order excluding, separating, or sequestering a witness;
 

 (4) Refusal to take the oath or affirmation as a witness, or refusal of a witness to answer a nonincriminating question when ordered to do so by the court;
 

 (5) Contumacious, insolent, or disorderly behavior toward the judge or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court or to impair its dignity or respect for its authority;
 

 (6) Breach of the peace, boisterous conduct, or violent disturbance tending to interrupt or interfere with the business of the court or to impair its dignity or respect for its authority;
 

 (7) Use of insulting, abusive, or discourteous language by an attorney or other person in open court, or in a motion, plea, brief, or other document, filed with the court, in irrelevant criticism of another attorney or of a judge or officer of the court;
 

 (8) Violation of a rule of the court adopted to maintain order and decorum in the court room; or
 

 (9) Contumacious failure to attend court as a member of a jury venire or to serve as a juror after being accepted as such when proof of service of the subpoena appears of record.
 

 The trial judge, in the per curium ordered by this Court, stated that he had found Ms. Garvey to be in direct contempt of court for violating the trial court’s order barring questioning of the witness regarding misdemeanor convictions. Our review of the transcript confirms that the trial judge’s order specifically barred question-mg concerning misdemeanor convictions. Ms. Garvey did not ask about misdemean- or | ^convictions, but, instead, asked whether the witness had ever been involved in prostitution. While the misdemeanor convictions may or may not have involved prostitution, the question did not concern convictions, but, rather, only pertained to conduct.
 
 [3]
 
 Ms. Garvey did not violate the order because she did not inquire about misdemeanor convictions, but instead inquired about substantive behavior going to her theory of the case and to bias, interest, and corruption.
 

 As the record does not support a conviction for direct contempt of court, the judgment of the trial court convicting Ms. Garvey of direct contempt of court is reversed.
 

 REVERSED.
 

 [1]
 

 . Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tempore,
 
 participating in the decision.
 

 [2]
 

 . The propriety of that ruling is not before the Court.
 

 [3]
 

 . The misdemeanor crimes for which the witness was convicted do not appear in the record before this Court.